IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

CARRIE ANN HART,

      Petitioner,

v.                                   Case No. 1:16-cv-01453

Warden, FPC Alderson,[1]

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

**BACKGROUND AND PETITIONER'S CLAIM**

    **A.**    **The petitioner's criminal conviction.**

On March 19, 2014, the petitioner was charged in a two-count Information with one count of knowingly and intentionally conspiring to distribute and possess with intent to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1)

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian where she filed the petition. Accordingly, the Clerk is directed to modify the docket sheet to reflect that the Warden at FPC Alderson is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

(Count One), and one count of knowingly and intentionally distributing and aiding and abetting the distribution of heroin, which resulted in the death of S.D.C., in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two). (*United States v. Hart*, No. 5:14-cr-00013, ECF No. 2). On that same date, pursuant to a written plea agreement, the petitioner waived indictment and plead guilty to both counts of the Information. (*Id.*, ECF Nos. 6, 8, and 9).

The petitioner's plea agreement contained a stipulation that the parties agreed that the petitioner's base offense level was 38, pursuant to section 2D1.1(a)(2) of the United States Sentencing Guidelines, because death or serious bodily injury resulted from the use of the substance. (*Id.*, ECF No. 8 at 3). The plea agreement further contained a waiver of the petitioner's right to appeal and her right to collaterally attack her conviction and sentence, unless such attack is based upon ineffective assistance of counsel. (*Id.* at 7).

On November 6, 2014, Petitioner was sentenced to 120 months in prison, followed by a five-year term of supervised release. (*Id.*, ECF No. 29). In deriving this sentence, the District Court granted the Government's Motion for Substantial Assistance, pursuant to section 5K1.1 and 18 U.S.C. § 3553(e) and sentenced the petitioner below the mandatory minimum sentence(s) and the applicable guideline range.

In accordance with her plea agreement, the petitioner did not appeal or file a timely motion under 28 U.S.C. § 2255. However, she did file two Motions to Reduce Sentence under 18 U.S.C. § 3582(c)(2), seeking a sentence reduction based upon Amendment 794 to the Sentencing Guidelines pertaining to role in the offense. (*Id.*, ECF Nos. 32, 36). Both of those motions were denied by the sentencing court. (*Id.*, ECF Nos. 34, 37-38).

### B.     Petitioner's section 2241 petition.

The instant section 2241 petition asserts that the petitioner was exposed to an enhanced minimum and maximum sentence because the court found that a death resulted from her drug offense, without such fact being charged in an indictment and found beyond a reasonable doubt by a jury.   Thus, the petitioner seeks to be resentenced to a reduced sentence without such enhancement and taking into account a lesser role in the offense.

## ANALYSIS

### A.     The petitioner is not entitled to relief under section 2241.

Petitioner's claim clearly challenges the validity of her sentence, and not the manner in which the sentence is being executed.   Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Western District of Virginia.   Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").   *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

3

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective to include sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

Petitioner cannot meet these criteria. She does not cite to any change in substantive law since the time of her sentencing that has resulted in a fundamental defect in her sentence.[2] Additionally, the savings clause contained in section 2255(e) cannot

---

2 To the extent that the petitioner may be relying upon the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), without citing to the same in her petition documents, that matter was decided by the Supreme Court before she was sentenced. Moreover, *Alleyne* established a new rule of criminal

be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241. The petitioner did not file a direct appeal or a timely section 2255 motion in her court of conviction making the instant challenge to her sentence; nor could she, pursuant to the waiver provisions of her plea agreement.

Even if this court could review the petitioner's present claim, it lacks merit. The Information to which the petitioner pled guilty contained the fact that a death resulted from her distribution of, or aiding and abetting the distribution of, heroin. Thus, the charging instrument contained that element, and the petitioner admitted to that fact through her guilty plea. Furthermore, the petitioner's written plea agreement contained a stipulation to the guideline offense level of 38 because death or serious bodily injury resulted from the offense of conviction. Thus, she has admitted to the conduct and agreed to the enhanced guideline level. Moreover, the sentencing court subsequently granted the Government's motion for substantial assistance and sentenced the petitioner to a term of imprisonment well below the 20-year mandatory minimum and applicable guideline range for Count Two. Thus, she is not serving a sentence subject to such enhancement.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of her detention and, thus, her claim is not proper for

---

procedure, rather than a substantive change in the law. *Harris v. United States*, 2013 WL 4882227, * 2 (S.D. W. Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303 (1989). Thus, it does not meet the *Wheeler* criteria.

consideration under 28 U.S.C. § 2241.   Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

<u>December 13, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge